# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2021

Lyle W. Cayce
Clerk

No. 20-50284
Summary Calendar

Linda Baldwin,

*Plaintiff—Appellant*,

*versus*

Office of Injured Employee Counsel,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-454

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:*

Linda Baldwin suffered an injury in 2006 while employed by Extended Stay America as a housekeeping attendant. She applied for workers' compensation benefits and sought assistance in March 2008 from the Office of Injured Employee Counsel (OIEC) Ombudsman Program, a state program

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50284

that provides assistance to unrepresented injured employees seeking workers' compensation.[1] In 2012 and 2016, Baldwin participated in contested case hearings before the Texas Department of Insurance Division of Workers' Compensation (DWC). The DWC denied her request for workers' compensation benefits, concluding that she did not sustain a compensable injury. It further determined that her employer's insurance carrier, Zurich American Insurance Company, was not liable for any workers' compensation benefits because Baldwin had failed to timely notify her employer of her injury or timely file a DWC claim.[2]

Baldwin filed suit against the OIEC, asserting claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act,[3] and the Texas Tort Claims Act.[4] The district court dismissed Baldwin's claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that her claims were barred by sovereign immunity. Baldwin now appeals.

We review a district court's dismissal for lack of subject-matter jurisdiction de novo.[5] Dismissal on this basis is appropriate if the claims asserted are barred by a state's sovereign immunity.[6]

It is undisputed that Baldwin brings her suit against a state agency, the OIEC.[7] "Federal courts are without jurisdiction over suits against . . . a state

---

[1] *See* Tex. Labor Code Ann. § 404.151(b).

[2] *See id.* §§ 409.001–004.

[3] 42 U.S.C. § 12131 *et seq.*

[4] Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

[5] *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005).

[6] *Id.*

[7] *See* Tex. Labor Code Ann. § 404.002.

No. 20-50284

agency . . . unless that state has waived its sovereign immunity or Congress has clearly abrogated it."[8] After careful review of the briefs and the record, we agree with the district court that Baldwin fails to plead facts indicating that Texas's sovereign immunity from suit has been either waived or abrogated. Sovereign immunity, therefore, bars her claims, and she cannot establish federal jurisdiction over them.

The district court's dismissal for lack of subject-matter jurisdiction is affirmed.

---

[8] *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014); *see also* U.S. CONST. amend. XI.